FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 01, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICARDO OCHOA DIMAS,<br><br>                    Petitioner,<br><br>   v.<br><br>JACK WARNER,<br><br><br><br>                 Respondent. | No. 1:24-CV-03044-MKD<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ECF No. 1 |

Before the Court is Petitioner Ricardo Ochoa Dimas' pro se petition pursuant to 28 U.S.C. § 2254. ECF No. 1. The Court has reviewed the briefing and the record and is fully informed. For the reasons set forth below, the petition is dismissed.

## BACKGROUND

### A. Factual and Procedural History

On January 22, 2016, Petitioner fired a handgun, killing Anna Hargett and injuring Leticia Diaz. ECF No. 11-5 at 182. The incident arose during a drug dispute that went awry, and was recorded by a surveillance camera, without sound.

ORDER - 1

*Id*. at 180-82.  The State of Washington charged Petitioner with five felony counts: (1) second degree murder, (2) second degree felony murder, (3) first degree assault, (4) first degree unlawful possession of a firearm, and (5) second degree unlawful possession of a firearm.  *Id*. at 182.

Petitioner exercised his right to a jury trial on Counts 1, 2, and 3.  *Id*. Petitioner testified on his own behalf and claimed that he shot Ms. Hargett in self-defense after she stepped toward him with an axe.  *Id*.  Based on the evidence introduced at trial, the court provided the jury with self-defense instructions, including an instruction on the duty to retreat and a first aggressor instruction.  *Id*. at 183.  The jury found Petitioner guilty as charged with respect to Counts 1, 2, and 3.  *Id*.  In bench trial on the firearms charges, the trial court also found Petitioner guilty with respect to Counts 4 and 5.  *Id.*

### 1.  Direct Appeal

Petitioner appealed his convictions to the Washington State Court of Appeals ("Court of Appeals"), asserting: (1) "[t]he trial court committed prejudicial error by providing a 'first aggressor' jury instruction that the facts did not legally support;" (2) "[t]he State failed to prove beyond a reasonable doubt that [Petitioner] did not act in lawful self-defense;" (3) "[t]he [State] committed prejudicial misconduct by misstating the facts and the law during closing arguments;" (4) "[t]he trial court violated [Petitioner]'s double jeopardy

1    protections when it failed to vacate the second-degree murder conviction in

2    [C]ount 2 and unlawful possession of a firearm in [C]ount 5;" and (5) the DNA

3    collection fee, criminal filing fee, and jury demand fee must be stricken from the

4    judgment and sentence.  ECF No. 11-1 at 33, 140.  Petitioner also submitted a

5    statement raising numerous additional grounds for review.  *Id.* at 104-35.

6    The Court of Appeals "reject[ed] all of [Petitioner]'s challenges except two:

7    (1) [Petitioner]'s convictions for [C]ounts 2 and 5 must be vacated based on double

8    jeopardy principles and (2) [Petitioner] is entitled to relief from payment of the

9    $100 deoxyribonucleic acid (DNA) collection fee based on recent changes to

10    Washington's legal financial obligations statutes."  *Id.* at 16.  The Court of Appeals

11    affirmed Petitioner's convictions on Counts 1, 3, and 4.  *Id.* at 26.

12    Petitioner sought discretionary review by the Washington State Supreme

13    Court, raising the following issues: (1) "[w]here video evidence shows

14    conclusively that Mr. Dimas did not raise his weapon prior to being assaulted by

15    another, and witness testimony did not establish anyone saw the weapon, the trial

16    court improperly gave a first aggressor instruction.  The error was not harmless

17    beyond a reasonable doubt[;]" (2) "[t]he State did not meet its burden to prove

18    beyond a reasonable doubt that [Petitioner] did not act lawfully in self-defense[;]"

19    and (3) "[a] prosecutor commits prejudicial misconduct by misstating facts and law

20    during closing argument."  *Id.* at 151-52.  The Washington State Supreme Court

ORDER - 3

unanimously denied the petition for review.  *Id.* at 210.  The Court of Appeals

issued its mandate on September 4, 2019.  *Id.* at 212.

### 2. *Personal Restraint Petition*

On September 9, 2020, Petitioner, acting pro se, filed a Personal Restraint

Petition with the Court of Appeals.  *Id*. at 214-55.  The Court of Appeals appointed

counsel for Petitioner.  ECF No. 11-5 at 7-8.  Counsel's supplemental brief focused

on a single issue: whether Petitioner's trial lawyer provided ineffective assistance

by failing to object to trial testimony that before Petitioner fired the fatal shot, he

had been told by Ms. Hargett to leave.  *Id.* at 14.  Counsel argued that it was this

hearsay testimony that provided the basis for the first aggressor instruction that

doomed Petitioner's assertion of self-defense.  *Id*. at 14-15.

The Court of Appeals listed thirty-seven possible grounds for relief in the

Personal Restraint Petition.  *Id*. at 189-90, 194-95.  However, the Court of Appeals

found "[t]he vast majority of [Petitioner]'s asserted grounds for relief [were]

unsupported by any citation to the record or other evidence."  *Id*. at 190.  The

Court of Appeals dismissed the Personal Restraint Petition on June 13, 2023.  *Id*. at

225.

Petitioner sought discretionary review by the Washington State Supreme

Court, again raising the issue of ineffective assistance of counsel due to counsel's

"failure to object to inadmissible hearsay which gutted [Petitioner]'s assertion of

self[-]defense," which was denied.  *Id.* at 232, 309-311.  Petitioner filed a motion

to modify the ruling, which was also denied.  *Id.* at 313-17, 320.  The Court of

Appeals issued its mandate on January 8, 2024.  *Id.* at 322.

   *3.  The Instant Petition*

   On March 26, 2024, Petitioner filed a pro se petition under 28 U.S.C. §

2254.  *See generally* ECF No. 1.  The State filed an Answer, ECF No. 10, and

Petitioner filed a Reply, ECF No. 12.

## LEGAL STANDARD

   Pursuant to 28 U.S.C. § 2254(a), a district court "shall entertain an

application for a writ of habeas corpus on behalf of a person in custody pursuant to

the judgment of a State court only on the ground that he is in custody in violation

of the Constitution or laws or treaties of the United States."

   Relief may only be granted on a claim that was adjudicated on the merits in

the state court if the adjudication of the claim: "(1) resulted in a decision that was

contrary to, or involved an unreasonable application of, clearly established Federal

law, as determined by the Supreme Court of the United States; or (2) resulted in a

decision that was based on an unreasonable determination of the facts in light of

the evidence presented in the State court proceedings."  *Id*. § 2254(d).

   "'[C]learly established Federal law' under § 2254(d)(1) is the governing

legal principle or principles set forth by the Supreme Court at the time the state

court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted). "[A] federal habeas court may overturn a state court's application of federal law only if it is so erroneous that 'there is no possibility fair[-]minded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents.'" *Nevada v. Jackson*, 569 U.S. 505, 508-09 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)). A state court ruling is presumed correct, and the petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *McKenzie v. McCormick*, 27 F.3d 1415, 1418-19 (9th Cir. 1994). Additionally, a district court may grant habeas relief only if the challenged error caused "actual prejudice" or had "substantial and injurious effect or influence" on the outcome of the case. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 775 (1946)).

## DISCUSSION

Petitioner raises four claims in his § 2254 petition: (1) ineffective assistance of counsel due to (a) counsel resigning prior to trial and failing to appear for hearings, (b) counsel not relaying a plea offer, (c) counsel not conducting witness interviews, (d) counsel not objecting to testimony that formed the basis of the first aggressor jury instruction, and (e) counsel not subpoenaing witnesses; (2) violation of right to a public trial; (3) abuse of discretion due to the trial court granting a

continuance and protective order; and (4) prosecutor misconduct due to (a) the State improperly obtaining a first aggressor jury instruction, (b) the State withholding *Brady* materials, and (c) the State misleading the jury.  ECF No. 1 at 5-10.

### A. Exhaustion of Claims in State Court

#### 1. Exhaustion

A court may not grant an application for a writ of habeas corpus "unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).  A petitioner has not exhausted a claim for relief so long as the petitioner has a right under state law to raise the claim by available procedure.  *Id*. § 2254(c).

To meet the exhaustion requirement, the petitioner must have "'fairly present[ed]' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).  To fairly present a claim, the petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one

ORDER - 7

complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citing *Duncan*, 513 U.S. at 366). "Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Id*. (citing *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996)).

> 2. *Petitioner Failed to Exhaust His State Court Remedies as to Claims 1(a), (b), (c), and (e), Claim 2, Claim 3, and Claim 4(b)*

Petitioner properly exhausted Claims 1(d), 4(a), and 4(c) of his Section 2254 petition. He fairly presented to the Washington State Supreme Court Claim 1(d), alleging ineffective assistance of counsel due to counsel's failure to object to inadmissible hearsay that became the basis for the first aggressor jury instruction. *See* ECF No. 11-5 at 232. Petitioner also fairly presented to the Washington State Supreme Court Claims 4(a) and 4(c), alleging the State committed misconduct in obtaining the first aggressor instruction and by misleading the jury. *See* ECF No. 11-1 at 160-63, 165-68.

Petitioner failed to property exhaust state court remedies as to his remaining claims because he did not present them to the Washington State Supreme Court for review, either on direct appeal or in the personal restraint proceedings. Specifically, Petitioner failed to present to the Washington State Supreme Court

ORDER - 8

Claims 1(a), (b), (c) and (e), alleging counsel provided ineffective assistance by being absent from most hearings, not conveying a plea offer to Petitioner, not interviewing witnesses, and not subpoenaing rebuttal witness to challenge the State's case. *See* ECF No. 11-1 at 147-82; ECF No. 11-5 at 227-307. Petitioner also failed to present to the Washington State Supreme Court Claim 2, alleging a denial of the right to a public trial; Claim 3, alleging the trial judge committed an abuse of discretion by granting a continuance and protective order; and Claim 4(b), alleging a *Brady* violation. *See* ECF No. 11-1 at 147-82; ECF No. 11-5 at 227-307.

In sum, Petitioner has not properly exhausted Claims 1(a), (b), (c), and (e), Claim 2, Claim 3, or Claim 4(b).

### 3. Procedural Default

Petitioner has not properly exhausted Claims 1(a), (b), (c), and (e), Claim 2, Claim 3, or Claim 4(b) and two separate Washington laws bar Petitioner from now presenting these claims to the Washington State Supreme Court.

Under RCW 10.73.090(1), "[n]o petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." A judgment becomes final on the last of the following dates:

ORDER - 9

(a) The date it is filed with the clerk of the trial court;
(b) The date that an appellate court issues its mandate disposing of a timely direct appeal from the conviction; or
(c) The date that the United States Supreme Court denies a timely petition for certiorari to review a decision affirming the conviction on direct appeal. The filing of a motion to reconsider denial of certiorari does not prevent a judgment from becoming final.

RCW 10.73.090(3); *see also* RCW 10.73.100 (listing when the one-year limit is not applicable).

Petitioner was sentenced on September 8, 2017.  ECF No. 11-1 at 2. Petitioner then filed a direct appeal with the Court of Appeals on April 12, 2018. *Id.* at 28.  The Court of Appeals subsequently issued its mandate on September 4, 2019.  *Id.* at 212.  As detailed above, Petitioner has not properly exhausted Claims 1(a), (b), (c), and (e), Claim 2, Claim 3, or Claim 4(b) and cannot now do so as it has been more than one year since the Court of Appeals issued its mandate.  These claims are thus procedurally defaulted.

Additionally, under RCW 10.73.140, "[i]f a person has previously filed a petition for personal restraint, the court of appeals will not consider the petition unless the person certifies that he or she has not filed a previous petition on similar grounds, and shows good cause why the petitioner did not raise the new grounds in the previous petition."  *See also* RAP 16.4(d).  Thus, Petitioner cannot file a successive collateral challenge.

ORDER - 10

Petitioner procedurally defaulted on his claims by not presenting them to the Washington State Supreme Court. A habeas petitioner who procedurally defaults on a federal claim in state court is barred from federal habeas review unless: (1) "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective external factor to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner "must shoulder the burden of showing, not merely that errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphases in original).

The "miscarriage of justice" exception is limited to habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. The petitioner must present new evidence and show that, based upon this new evidence, "it is more

ORDER - 11

1   likely than not that no reasonable juror would have found petitioner guilty beyond

2   a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

3       Here, Petitioner has not alleged any external factor that prevented him from

4   properly exhausting Claims 1(a), (b), (c), and (e), Claim 2, Claim 3, and Claim

5   4(b) in state court.  Nor has Petitioner presented new evidence that creates a

6   colorable claim of actual innocence of the charges for which he is incarcerated.

7   *See Franklin v. Johnson*, 290 F.3d 1223, 1231 (9th Cir. 2002) ("When a

8   petitioner's claims are procedurally barred and a petitioner cannot show cause and

9   prejudice for the default, however, the district court dismisses the petition because

10  the petitioner has no further recourse in state court.") (citing *Reed v. Ross*, 468 U.S.

11  1, 9 (1984)).

12      Accordingly, the Court dismisses Petitioner's Claims 1(a), (b), (c), and (e),

13  Claim 2, Claim 3, and Claim 4(b) as procedurally defaulted.

14  **B. The State Court's Denial of Petitioner's Unexhausted Claims**

15      Even if Petitioner could excuse procedural default on Claims 1(a), (b), (c),

16  and (e), Claim 2, Claim 3, and Claim 4(b), Petitioner has not established that the

17  state court's decisions were "based on "an unreasonable determination of the facts

18  in light of the evidence presented in the State court proceeding[s]" or that they

19  were "contrary to, or involved an unreasonable application of, clearly established

20  Federal law."  28 U.S.C. § 2254(d)(1), (2).

1  *1. Claims 1(a), (b), (c), and (e) - Ineffective Assistance of Counsel*

2  The Sixth Amendment guarantees a criminal defendant the right to effective

3  assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984). Under

4  *Strickland*, a defendant must show that: (1) "counsel's performance was deficient"

5  and (2) "the deficient performance prejudiced the defense." *Id*. at 687. To prove

6  counsel's performance was deficient," the defendant must show that counsel's

7  representation fell below an objective standard of reasonableness." *Id*. at 688. To

8  prove prejudice, "[t]he defendant must show that there is a reasonable probability

9  that, but for counsel's unprofessional errors, the result of the proceeding would

10  have been different." *Id*. at 694.

11  In denying Claim 1(a), in which Petitioner asserted counsel failed to use

12  impeachment evidence against a prosecution witness – Ms. Bevins, the Court of

13  Appeals explained that counsel "likely wanted the jury to *believe* Ms. Bevins's

14  testimony, so there was a legitimate reason to avoid impeachment that would

15  lessen her credibility and risk evoking hostile responses." ECF No. 11-5 at 200-01

16  (emphasis in original). Thus, "[Petitioner] fail[ed] to show that [counsel]'s

17  decision not to use impeachment material against Ms. Bevins was not tactical." *Id*.

18  at 201.

19  In denying Claim 1(b), in which Petitioner asserted counsel failed to request

20  a missing witness instruction addressing Ms. Sampson Jones, who was present at

ORDER - 13

the shooting, the Court of Appeals explained it would be surprising if the requirements for a missing witness instruction were met in Ms. Jones' case, including the requirement that "the witness must be peculiarly available to the party" against whom the missing witness instruction is sought, since the State had to apply for three material witness warrants in order to obtain her arrest and a statement, and thus she was not "peculiarly available to the State." *See id*. at 207-08.

Lastly, in denying Claims 1(c) and (e), in which Petitioner asserted counsel failed to conduct witness interviews and subpoena witnesses, the Court of Appeals explained that Petitioner's failure to identify the resulting prejudice from said claims was ultimately fatal. *See id*. at 211.

In sum, the Court of Appeals determined that counsel not using impeachment evidence against Ms. Bevins, not requesting a missing witness instruction regarding Ms. Jones, and not conducting witness interviews was not deficient performance that prejudiced the defense. Petitioner fails to point to any Supreme Court precedent showing that the Court of Appeals' adjudications amounted to a violation of clearly established federal law. *See id.* § 2254(d)(1). Thus, Petitioner is not entitled to relief on Claims 1(a), (b), (c), and (e) regarding ineffective assistance of counsel.

ORDER - 14

2. *Claim 2 - Violation to the Right to a Public Trial*

The Court of Appeals denied Claim 2, in which Petitioner asserted his right to a public trial was violated, contending that part of voir dire was conducted in a jailhouse courtroom that, according to him, is not typically open to the public, and because his wife had been misled to believe that voir dire had been cancelled for the day. *See* ECF No. 11-5 at 197. In denying Claim 2, the Court of Appeals explained that the trial judge announced the proceedings would take place in open court and that the court only convened for a short period of time due to defense counsel's back problem that prevented him from attending in person. *See id*.

Petitioner further alleged that his right to a public trial was violated because prospective jurors were privately questioned in the judge's chambers. *See id.* at 198. However, the Court of Appeals explained that "[Petitioner] provide[d] no evidence that the questioning took place in chambers," and that "the transcript of voir dire taking place [that day] reveals that all the 'private' questioning of individuals took place outside the presence of other prospective jurors, but in an open courtroom." *Id*. Thus, the Court of Appeals concluded that no public trial violation had been shown. *Id*.

In sum, the Court of Appeals' ruling that no public trial violation had been shown was not "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Further,

ORDER - 15

Petitioner fails to point to any Supreme Court precedent showing that the Court of Appeals' adjudication amounted to a violation of clearly established federal law. *See id.* § 2254(d)(1).  Thus, Petitioner is not entitled to relief on Claim 2 regarding his right to a public trial.

### 3.  Claim 3 - Abuse of Discretion

The Court of Appeals denied Claim 3, in which Petitioner asserted the trial court abused its discretion in granting a protective order enjoining pretrial disclosure of the surveillance video, as well as a continuance regarding the same. *See id*. at 201, 203.  In denying Claim 3, the Court of Appeals explained that Petitioner "fail[ed] to make any reasoned argument why granting that temporary protection, particularly where the parties agreed, was error."  *Id*. at 202.  The Court of Appeals also concluded that the trial court properly granted the continuance because the prosecutor to whom the motion hearing had been newly assigned would be out of town for a week.  *See id*. at 203.  Thus, the Court of Appeals concluded that Petitioner had not shown abuse of discretion.  *Id*.

In sum, the Court of Appeals' ruling granting the protective order, as well as a continuance regarding the same, was not an unreasonable application of  clearly established federal law.  *See id*. § 2254(d)(1).  Thus, Petitioner is not entitled to relief on Claim 3 regarding abuse of discretion by the trial court.

1          *4.  Claim 4(b) - Prosecutorial Misconduct*

2          Lastly, in denying  Claim 4(b), in which Petitioner asserted the State

3   committed misconduct by withholding *Brady* materials, namely allegedly

4   exculpatory video and allegations regarding Officer Gabriel Ramos, *id*. at 209-10,

5   the Court of Appeals explained that Petitioner "fail[ed] to identify what . . . video

6   he believe[d] existed and why he believe[d] it would be exculpatory." *Id*. at 209.

7   In addition, the Court of Appeals explained that "[Petitioner]'s bald assertions and

8   conclusory allegations [about Officer Gabriel Ramos] are an insufficient basis for

9   requesting relief." *Id*. at 210.

10         In sum, the Court of Appeals' ruling that Petitioner's bald assertions and

11  conclusory allegations were an insufficient basis for requested relief, was not an

12  "contrary to or an unreasonable application of clearly established federal law.  *See*

13  *id.* § 2254(d)(1).  Thus, Petitioner is not entitled to relief on Claim 4(b) regarding

14  prosecutorial misconduct for withholding *Brady* materials.

15         Collectively, the Court finds that even if Petitioner could excuse procedural

16  default, 28 U.S.C. § 2254(d) bars relief of Claims 1(a), (b), (c), (e), Claim 2, Claim

17  3, and Claim 4(b).

18

19

20

ORDER - 17

**C. Claimed Constitutional Rights Violations**

*1. Sixth Amendment Ineffective Assistance of Counsel (Claim 1(d))*

In Petitioner's single properly exhausted Sixth Amendment claim of ineffective assistance of counsel, he contends that his counsel failed to object to hearsay evidence that formed the basis for the first aggressor jury instruction. ECF No. 1 at 5. The State asserts that the Court of Appeals' rejection of this claim was not unreasonable. ECF No. 10 at 28-36.

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *McCann v. Richardson*, 397 U.S. 759, 771 n.14 (1970); *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). To establish a violation of this guarantee, a defendant must show: (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. Failure to demonstrate each element defeats the claim. *Id*. at 697.

Deficient performance occurs if "counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. This standard requires "reasonableness under prevailing professional norms" and "in light of all the circumstances." *Id*. at 688, 690. The defendant must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689 (citation omitted). To do so, the defendant must show counsel's performance cannot be explained as a legitimate strategic or

1  tactical decision.  *Id*.  Prejudice occurs if "there is a reasonable probability that, but

2  for counsel's unprofessional errors, the result of the proceedings would have been

3  different."  *Id*. at 694.  In analyzing these elements, the court must review the

4  totality of the record.  *Id*. at 695.

5        Petitioner contends that counsel was ineffective for failing to object to

6  hearsay evidence about demands to leave that became the basis for the first

7  aggressor instruction and gutted his assertion of self-defense.  ECF No. 1 at 5; ECF

8  No. 11-5 at 219.  In rejecting this claim, the Court of Appeals determined that the

9  statements to which Petitioner alluded to were not assertions under ER 801(a), but

10 rather requests or demands.  ECF No. 11-5 at 224.  The Court of Appeals conceded

11 the possibility that context "may support finding an implied assertion in the case of

12 some requests or commands."  *Id*.  Nevertheless, the Court of Appeals noted that

13 the trial court was not required to search for an implied assertion regarding a

14 revocation of an implicit license to be on Ms. Hargett's porch, and that the trial

15 court could "very reasonably view these parties as engaged in demands and

16 defiance rather than a substantive dispute over license."  *Id*. at 224-25.  Thus, the

17 Court of Appeals concluded that counsel refraining from objecting to the testimony

18 as hearsay was not deficient representation, "because such objections were unlikely

19 to be sustained."  *Id*. at 225.  The Washington State Supreme Court reached the

20 same conclusion in denying Petitioner's request for discretionary review.  *Id*. at

309-11 ("The Court of Appeals held that the complained[-]of testimony did not convey hearsay because the out-of-court statements were not assertions of fact introduced to prove the facts asserted. The court was correct.").

The state courts' determination that under state law the challenged testimony was not hearsay and was properly admitted at trial is binding on this Court. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). Given that ruling, counsel's lack of objection was neither deficient representation nor prejudicial to Petitioner. Further, as noted by the Washington State Supreme Court, ECF No. 11-5 at 311, even if the trial court had sustained a hearsay objection, a first aggressor instruction was justified by other evidence in record. In sum, the state courts' determination that Petitioner did not show deficient representation or prejudice was not "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

Further, Petitioner fails to point to any Supreme Court precedent showing that counsel not making a hearsay objection amounted to a violation of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1); ECF No. 1; ECF No. 1-12.

Petitioner is thus not entitled to relief on his Sixth Amendment claim of ineffective assistance of counsel due to counsel's failure to object to hearsay evidence that formed the basis for the first aggressor jury instruction.[1]

### 2. Fourteenth Amendment Prosecutorial Misconduct (Claims 4(a) and (c))

In Petitioner's two properly exhausted Fourteenth Amendment claims of prosecutorial misconduct, he contends that the State committed misconduct in obtaining the first aggressor instruction, Claim 4(a), and by misleading the jury, Claim 4(c). ECF No. 1 at 10. The State asserts that the Court of Appeals reasonably rejected Petitioner's claims, that Petitioner fails to show the State's

---

[1] Even if Plaintiff were to establish that the state court's decision was unreasonable under 28 U.S.C. § 2254(d)(1), a district court may grant habeas relief only if the challenged error caused "actual prejudice" or had "substantial and injurious effect or influence" on the outcome of the case. *Brecht*, 507 U.S. at 637 (quoting *Kotteakos*, 328 U.S. at 775); *see also Brown v. Davenport*, 596 U.S. 118, 122 (2022) ("When a state court has ruled on the merits of a state prisoner's claim, a federal court cannot grant relief without first applying both the test [the Supreme] Court outlined in *Brecht* and the one Congress prescribed in AEDPA."). As other evidence supported a first aggressor instruction, Petitioner cannot show actual prejudice.

ORDER - 21

1    conduct rendered the trial unfair or caused actual prejudice, and that the Court of

2    Appeals' adjudication was not an unreasonable application of clearly established

3    federal law.  ECF No. 10 at 41-44.

4         "The appropriate standard of review for [alleged prosecutorial misconduct]

5    on writ of habeas corpus is 'the narrow one of due process, and not the broad

6    exercise of supervisory power.'"  *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)

7    (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 642 (1974)).  "The relevant

8    question is whether the prosecutor's comments 'so infected the trial with

9    unfairness as to make the resulting conviction a denial of due process.'"  *Id.*

10   (quoting *Donnelly*, 416 U.S. at 643).

11        As to Petitioner's claim of prosecutorial misconduct in obtaining the jury

12   instruction, the Court of Appeals determined on direct appeal that "[g]iven the

13   context – a heated confrontation over drug money and refusal to leave after

14   repeated requests – the mere act of pulling out a firearm and holding it in a low-

15   ready position was an act of provocation, likely to elicit a belligerent response[,]"

16   and thus "[t]he initial aggressor instruction was appropriate."  ECF No. 11-1 at 20.

17   The Court of Appeals also rejected Petitioner's claim of prosecutorial misconduct

18   regarding obtaining a first aggressor instruction in Petitioner's Personal Restraint

19   Petition, finding that even if the State had confused the facts involved in two cases,

20   there was no evidence this affected the trial court's decision to give the instruction,

and that Petitioner had not made "a prima facie showing of actual and substantial

prejudice."  ECF No. 11-5 at 196, 213.

As to Petitioner's claim of prosecutorial misconduct due to two

misstatements of law, the Court of Appeals determined that "[n]either claim

merit[ed] relief from conviction."  ECF No. 11-1 at 21.  First, Petitioner argued the

State shifted the burden of proof by arguing to the jury, "[w]hen you're looking

through your jury instructions, you're going to see if this was necessary force.

Even if you don't believe that he was the primary aggressor in this case, he still

needs to prove that he was using the amount of force that was necessary to protect

himself."  *Id.* at 21 (citation omitted).  The Court of Appeals agreed that this

statement was improper but held that it did "not warrant reversal because it was

adequately addressed by the trial judge."  *Id.*  The Court of Appeals explained,

"[i]mmediately after the prosecutor's statement, defense counsel objected, the

prosecutor apologized, and the trial court issued a curative instruction, explaining

that the prosecutor had misstated the law and that 'the burden of proof is on the

state, including the burden to prove the act was not lawful.'"  *Id.* (alteration and

citation omitted).  The Court of Appeals presumed, based on state law, that juries

follow a court's instructions and noted that there were "no facts in the record

sufficient to rebut this presumption."  *Id.* (citing *State v. Grisby*, 647 P.2d 6, 15

(Wash. 1982)).

ORDER - 23

Second, Petitioner argued the State committed misconduct by arguing that he had a duty to retreat. *Id.* at 22. In rejecting Petitioner's claim, the Court of Appeals determined, based on Washington law, that the State properly argued Petitioner had a duty to retreat for two reasons: (1) the no duty to retreat standard applies only to individuals whose presence is lawful and (2) the right to stand one's ground does not apply to an initial aggressor. *Id*. The Court of Appeals explained that once Petitioner drew his firearm in a manner likely to provoke an aggressive response, he lost his right to continued presence, and at that point had a duty to retreat. *Id*.

In conclusion, the Court of Appeals determined that the trial judge correctly gave an initial aggressor instruction to the jury and that neither of the State's misstatements merited relief, as one was cured by the trial judge and the other was not improper. Thus, Petitioner has not established that that the Court of Appeals' decision was unreasonable in light of the evidence presented in the State court proceeding or amounted to a violation of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1), (2). Even in the State committed prosecutorial misconduct, Petitioner may obtain relief only if he establishes that the conduct caused actual prejudice. *See Brecht*, 507 U.S. at 637. Petitioner has not done so. Petitioner is thus not entitled to relief on his Fourteenth Amendment claims of prosecutorial misconduct.

ORDER - 24

### D. Evidentiary Hearing

Petitioner requested an evidentiary hearing on his claims.  *See* ECF No. 1 at 15; ECF No. 12 at 4.

28 U.S.C. § 2254(e)(2) provides as follows:

> If the applicant [for habeas corpus relief] has failed to develop the factual basis of a claim in State court proceedings, the court ***shall not*** hold an evidentiary hearing on the claim ***unless*** the applicant shows that--
>
> **(A)** the claim relies on--
>
> > **(i)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > **(ii)** a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> **(B)** the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2) (emphases added).  Additionally, "'in deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to provide the petition's factual allegations,' and whether those allegations, if true, would entitle him to relief."  *Ochoa v. Davis*, 50 F.4th 865, 891 (9th Cir. 2022) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 474) (alteration omitted).

Petitioner contends that "[a]n evidentiary hearing with the proper experts is needed to clarify . . . crucial opposing facts" regarding whether Ms. Hargett could have seen his gun and "to prove actual innocence of anything but self-defense."[2] ECF No. 12 at 4. But he does not show that an evidentiary hearing might enable him to prove his claims for relief. *See Ochoa*, 50 F.4th at 891. An evidentiary hearing focused on the facts of the shooting would not help Petitioner establish ineffective assistance of counsel, Claim 1(d), establish the State committed misconduct in obtaining the first aggressor instruction, Claim 4(a), or that the State mislead the jury, Claim 4(c).

Accordingly, the Court denies Petitioner's request for an evidentiary hearing.

**E. Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases requires that a district court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See also* Fed. R. App. P. 22(b). "A certificate of

---

[2] Pursuant to Petitioner's Response, ECF No. 12 at 3, the Court received a video exhibit from Petitioner's spouse. However, it is not necessary for the Court to evaluate video evidence. The Court's decision is based on an assessment of the state court record.

ORDER - 26

appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  In weighing a certificate of appealability, "the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 580 U.S. 100, 115 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).

As explained above, Petitioner has not articulated any principle of clearly established federal law that the state courts' decisions *arguably* contradicted or applied unreasonably.  It is therefore implausible that reasonable jurists could disagree as to the sufficiency of Petitioner's constitutional claims or eligibility for habeas relief.  In other words, Petitioner has not made a prima facie showing, much less a substantial showing, of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).

The Court denies Petitioner's request for a certificate of appealability.

## CONCLUSION

The Court finds that all properly exhausted claims in the Petition for Writ of Habeas Corpus are precluded by 28 U.S.C. § 2254(d) and that Petitioner is not entitled to an evidentiary hearing or certificate of appealability.

Accordingly, **IT IS HEREBY ORDERED:**

1.      The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, **ECF No. 1**, is **DISMISSED with prejudice**.

2.      A certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**  The Clerk's Office is directed to file this Order, provide a copy to the parties, enter final judgment in favor of Respondent, and **CLOSE the file**.

DATED April 1, 2025.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE